IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD BENNETT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LOUIS S. FOLINO, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **DELAWARE, THE ATTORNEY GENERAL** | : | **NO. 07-3935** |
| **OF THE STATE OF PENNSYLVANIA** | : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                      **March 17, 2015**

Fourteen years after his convictions for murder and two rapes, and seven years after his petition for habeas relief under 28 U.S.C. § 2254 was denied on the merits, petitioner Gerald Bennett has filed a motion under Federal Rule of Civil Procedure 60(b)(6). To overcome the bar against "second or successive" habeas petitions, he relies upon *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), contending that it permits him to reopen his criminal case. In his motion, he reiterates his ineffectiveness of counsel claims.

In the introduction to his Rule 60(b) motion, Bennett clearly states that he is challenging "the procedural ruling in the prior habeas case."[1] He claims he is not "seeking relief from a previous denial of a claim."[2] He further writes, "in no way, is petitioner attacking his underlying conviction or a merits determination made concerning a previous habeas petition."[3] In his words, he seeks a "reopening of his habeas judgment and is seeking relief based on the change in procedural law that the Supreme Court held in the

---

[1] Rule 60(b)(6) Mot., FRCP ("Mot.") at 1 (Doc. No. 23).

[2] *Id.*

[3] *Id.*

case of *Martinez v. Ryan . . .*"[4]

His Rule 60(b)(6) motion is actually a reiteration of his prior habeas petition. He does not assert grounds justifying relief under *Martinez*. Therefore, we shall deny the motion.

*Martinez* applies only to cases where the habeas petitioner seeks to excuse procedural default of new claims, that is, where the default was allegedly caused by counsel's ineffectiveness. *Martinez*, 132 S.Ct. At 1316. It does not open the door to relitigate claims that were rejected on the merits.

Procedural default bars a federal court from reviewing federal claims on the merits which the state court declined to address because the petitioner had not satisfied a state procedural requirement. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). It applies when the state court did not consider the petitioner's federal claims because the petitioner had failed to comply with a state procedural rule. *Id*. at 750. However, a federal court can review defaulted claims upon a showing of cause for the default and prejudice as a result of a violation of federal law,. *Id.*

In *Coleman*, the Supreme Court held that post-conviction counsel's negligence does not establish cause excusing default. *Coleman*, 501 U.S. at 753-54. *Coleman* made clear that an attorney's ineffectiveness can constitute cause "only if it is an independent constitutional violation." *Id*. at 754.

In *Martinez*, the Supreme Court announced a "narrow exception" to the *Coleman* rule. *Martinez,* 132 S. Ct. at 1315. It held that "[w]here, under state law, claims of

---

[4] *Id.* at 3.

ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320.

Here, Bennett makes no such argument.  He is not seeking to pursue claims that were procedurally defaulted.  Nor does he present claims that have not already been considered on the merits.  Instead, he reiterates claims that have already been litigated. His claims of trial counsel's ineffectiveness were raised and rejected on appeal in the Pennsylvania courts.  The claims he now asserts were presented in his earlier § 2254 motion.[5]  They too were rejected.[6]  His petition to the Third Circuit Court of Appeals for permission to file a second or successive § 2254 motion was denied.[7]

Bennett's petition is, in essence, a disguised motion for reconsideration of the ruling dismissing his § 2254 habeas petition on the merits.  Therefore, we shall deny it.

---

[5] Pet. Habeas Corpus (Doc. No. 1).

[6] Mem. (Doc. No. 15).

[7] USCA Order (Doc. No. 20).